UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUIS ALEXANDRE NOEL ALBERT DALBIS, ) <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> FRANCE,  ) <br> ) <br> Defendant.  ) | Civil Action No. 25-0730 (UNA) |

## MEMORANDUM OPINION

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind,"

1

*Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).  The instant complaint satisfies this standard.

The complaint describes at length plaintiff's relationships, sexual and otherwise, with high school classmates, incidents dating back to 1996 occurring while plaintiff lived in France, and the advanced psychological manipulation techniques to which plaintiff is subjected.  In addition, plaintiff alleges, he was "conditioned" to believe myriad falsehoods, for example, "that [his] parents were in reality two women, and one of these women was wearing a suit to look like a male individual," Compl. ¶ 493, and "that he was a clone of his grandfather, *id*. ¶ 495.  The complaint's fanciful and incredible allegations do not amount to an actual legal claim over which the Court can exercise jurisdiction.

The Court will dismiss the complaint and this civil action without prejudice.  A separate order will issue.


DATE: March 26, 2025                              /s/
                                                  CHRISTOPHER R. COOPER
                                                  United States District Judge